

IN THE DISTRICT COURT FOR OKLAHOMA COUNTY, STATE OF OKLAHOMA

| | |
|---|---|
| JIMCY McGIRT, Pro se Petitioner, | ) |
| vs, | ) Case No. CV-2019-2436 |
| WARDEN RICK WHITTEN, and UNIT MANAGER DAN GROGAN, Respondents. | ) ( To Be Supplied by Court Clerk) |

FILED IN DISTRICT COURT
OKLAHOMA COUNTY
OCT 29 2019
RICK WARREN
COURT CLERK
45

### PRO SE PETITION FOR WRIT OF PROHIBITION/MANDAMUS

Petitioner Jimcy McGirt (Petitioner) seeks a writ of prohibition/mandamus to prohibit/compel unit manager Dan Grogan (Grogan) and warden Rick Whitten (Whitten) from enforcing a quasi-judicial committee action—demoting him from earned credit level (ECL) 4 to ECL 3 and reduction in pay grade and privileges. Promising to also reduce him for failing to comply and take down his feathers and dream catcher—for exercising his sincerely held Native American religious beliefs and hanging his blessed (similar to anointing with oil in the Christian belief) golden eagle feathers at the head of his bunk and a 3" dream catcher hanging on his locker door at the foot of his bed.

An appeal is unavailable within DOC policy; therefore, Petitioner has no available speedy or adequate remedy.

I. FACTS IN SUPPORT:

1. Petitioner exhausted his informal process without remedy and filed a formal grievance which was denied (See Exhibits A thru A-2).

2. July 10, 2019, Mr. Grogan told me he would issue a misconduct report and issue a reduction in level if I continued to exercise my Native American religious beliefs and hang my feathers and dream catchers.

3. July 10, 2019, I submitted my motion to proceed IFP with affidavit and petition for writ of prohibition, returned by the court clerk July 17, 2019, as failing to provide a case number—the court clerk provides the case numbers, not the inmate.

**Exhibit 2**

4. July 22, 2019, I received Warden Whitten's 07/19/19 denial of my grievance requesting an exemption for my sacred items (feathers & dream catcher) from the policy requiring them to be put away in my locker or my gray property box (Exhibits A—A-2).

5. July 30, 2019, I received a reduction to earned credit level (ECL) 4 to ECL 3 from the quasi-judicial unit committee—which Mr. Grogan is chairman (See Exhibit B-1)—for exercising my sincerely held Native American religious beliefs to perpetually hang my two eagle feathers and 3" dream catcher at the head and foot of my bunk respectively.

6. July 31, 2019, I asked Grogan about an appeal of his decision to reduce my ECL 4 to ECL 3 and he told me there was no appeal available in DOC policy.

II. ARGUMENTS & AUTHORITIES:

7. The action taken by the quasi-judicial unit committee punished me by reducing my ECL and reducing my pay for exercising my sincerely held Native American religious beliefs in violation of 42 U.S.C. § 2000(cc-1):

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, as defined by § 1997 of this title, even if the rule results from a rule of general application, unless the government demonstrates that imposition of that burden on that person:
>
> 1. is of a compelling government interest; and
>
> 2. is the least restrictive means of furthering that governmental interest.

8. Therefore, Respondents Grogan and Whitten can not impose a substantial burden on my free exercise of my sincerely held Native American religious beliefs by making me put away my sacred items (two eagle feathers & 3" dream catcher) in my locker or my gray property box and punishing me by reducing my ECL for practicing my Native American religious beliefs.

9. See also Oklahoma Religious Freedom Act, 51 O.S. §§ 253, 254"

> A. Except as provided by subsection B of this section, no governmental entity shall substantially burden a person's free exercise of religion even if burden results from a rule of general application.

**Exhibit 2**

B. No governmental entity shall substantially burden a person's free exercise of religion unless it demonstrates that application of the burden to the person is:

1. essential to further a compelling governmental interest; and

2. the least restrictive means of furthering that governmental interest.

10. Respondents must show a compelling governmental interest by demonstrating that the religious activity—hanging two feathers, less than 12" long, from the head of my bunk and 3" dream catcher from my locker door at the foot of my bunk—is 1) presumptively dangerous to my health or safety; or 2) poses a direct threat to my health or safety, or security of other prisoners, correctional staff or the public. See Oklahoma Freedom of Religion Act, 51 O.S. § 253, 254.

11. Recently A.G. Hunter's office said there was no compelling governmental interest demonstated by the Vian pubic school's denial of Native students wearing an eagle feather with their graduation gowns. See Exhibit C.

12. DOC recognizes my sacred items for individual possession—OP-030112.IX.B. and attachment B lists feathers and dream catchers as allowable religious items for individual possession, but Respondents policy in its inmate handbook (See Exhibit D) fails to list them as exemptions to personal items that must be put away in lockers or property box.

13. In an effort to change that, I submitted a request to staff (Exhibit E) and recommended a change to Respondent's policy—not response to date.

14. I am 1/2 Seminole/Mvskoke (Creek) Nation and my sincerely held Native American religious belief is accepted and practiced by my Nations (See Creek Indian Medicine Ways by David Lewis & Ann T. Jordan—Chapter Nine, pgs. 107, 108—Ceremonies (The Blessing Ceremony); and my sacred items are blessed at a sweat lodge ceremony here.

15. The punishment by Respondents—reduction in ECL and pay—and threat of further punishment forced me to comply (against my sincerely held Native American beliefs) was not without mental distress.

**Exhibit 2**

16. The practice of blessing (very similar to Christian's anointing) and dedicating the feathers for perpetual use are a long established practice (See Creek Medicine ways @ pgs. 107, 108) among my people.

III. REQUESTED REMEDY:

WHEREFORE, because there is no available appeal, or available speedy or adequate remedy and Petitioner 1) continues to face violation of his sincerely held Native American Religion beliefs; 2) continues to face the threat of further punishment without remedy for practicing his sincerely held religious beliefs;

Petitioner prays for a writ of prohibition/mandamus to stop Respondent's actions (reducing him to lower ECLs and pay) for practicing his Native American Religious beliefs; or in the alternative compel Respondents to recognize Petitioner's Freedom of Religion rights and to any other remedy this Court deems just and equitable.

EXECUTED under penalty of perjury at James Crabtree Correctional Center—first submitted July 11, 2019 (returned by the court clerk July 17, 2019 as failing to provide a case number when the court clerk provides the number not the inmate) and resubmitted August 1, 2019 and returned by the court clerk for an in forma pauperis form—September 09, 2019. I verify the attached documents are authentic copies of originals on file here.

                                                          Jimcy McGirt, 09/09/19
                                                          Jimcy McGirt, pro se Petitioner, #178480
                                                          216 North Murray St. Unit 5 south
                                                          Helena, OK 73741-1018

PROOF OF SERVICE

I certify that the motion for leave to proceed in forma pauperis and petition for writ of prohibition/mandamus were given to prison staff for mailing September 10, 2019 to:

Attorney General Mike Hunter
313 N.E. 21st Street
OKC, OK 73105-3498

                                                          Jimcy McGirt, 09/09/19
                                                          Jimcy McGirt, pro se Petitioner, #178480

**Exhibit 2**

COPY

Grievance Decision from Reviewing Authority

Inmate/Offender Name: Jimcy McGirt                                DOC Number: 178480
Receipt Date: 7/19/19     Grievance Category Code: 4              Grievance Number: JCCC-19-114

1. Discrimination   3. Complaint against staff    5. Disciplinary process   7. Medical          9. Records/Sentence Admin.
                                                                            8. Property/Trust
2. Classification   4. Condition of confinement   6. Legal                  Fund               10. Religion  11. Personal Identity

Decision: Inmate McGirt, your concern was appropriately addressed in the request to staff. No relief is warranted.

Relief Denied

Reviewing Authority – Facility Health Services Admin (medical issues)      Date

Review Authority – Facility/Unit Head                                       Date  19 July 19

I have received a copy of the decision of the reviewing authority.

Signature of Grievant                                                       Date  July 22, 2019

Cathy Milbers   Cathy Milbers
Signature of Staff Witness and Printed Name of Witness                      Date

You may appeal to the Administrative Review Authority or Personal Identity ARA at Department of Corrections, P.O. Box 11400, Oklahoma City, OK 73136-0400 or Medical ARA at 2901 N. Classen Blvd, Suite 200, Oklahoma City, OK 73106, within 15 days of the receipt of response using only DOC Form 060125V entitled "Misconduct/Grievance Appeal To Administrative Review Authority." Do not send this decision to the Administrative Review Authority or Medical ARA.

1. Original to file
2. Copy to inmate/offender

DOC 090124B (R 4/19)

**Exhibit 2**

EXHIBIT A-1       INMATE/OFFENDER GRIEVANCE

Grievance no. JCCC 19-114

Grievance code: 4

Response due: 8-8-19

**DO NOT WRITE ABOVE THIS LINE**

Date: July 16, 2019

Name: McGintlimey (Print)

DOC Number: 178480

Facility or Unit: JCCC

Facility Housing Unit: Unit 5 south

Date "Request to Staff" response received: 07/05/19

Have you previously submitted a grievance on this same issue? No   If yes, what date _____, facility _____, grievance # _____. You must submit this completed original within 15 days of the receipt of the response to the "Request to Staff". The "Request to Staff" must have been submitted within 7 days of the incident. Do not include/attach anything to this grievance except the "Request to Staff" including the response. You may quote from or make reference to statutes, operations, field, or administrative memoranda, department publications (time sheets, inventory forms, assessments, etc.). You will be permitted only one opportunity to correct any error(s) made in submitting your grievance.

1. The nature of your complaint. This statement must be specific as to the complaint, dates, places, personnel involved, and how you were affected. One issue or incident per grievance. Use backside of this page only, if necessary. Mr. Gregan's response violates the practice of my Native American religion and burdens the free exercise thereof in violation of 510.S.§ 253 without a compelling penalogical interest without a 1) danger to the health, safety, or security of other prisoners, or myself, and 2) poses no direct threat to the health, safety, or security of others, prisoners, staff, or the public. 510.S.§ 255 and 42 U.S.C.§ 2000 cc(1) RLUIPA

2. Informal action taken (including dates) to resolve the complaint, as well as the names of those employees from whom you sought an answer to your grievance. June 20, 2019 request to staff, response received 07/05/19, no remedy.

3. The action you believe the reviewing authority may lawfully take. Add the Native American sacred items to the exemption of personal items, per OP-030120.IX. B.(1)(2) and Attachment B pg. 2, list of the inmate handbook — allowed by the personal/individual section of the above policy — which exempts my sacred items (feathers, dream catchers, & medicine bag) from storage in a locker or property box.

Grievance report sent to (warden/facility head/deputy director//correctional health services administrator):

Name: Warden White          Title: Warden

Signature of Grievant: James McInit          Date Sent to Reviewing Authority: 07/16/19

1. Original to file
2. Copy to inmate/offender

DOC 090124A (R 4/19)

**Exhibit 2**

COPY
EXHIBIT A-2

**Must Be Submitted Through the Law Library**
**Inmate/Offender Grievance Process**
**REQUEST TO STAFF**

RECEIVED JUN 25 2019 JCCC LAW LIBRARY

TO: McGoogan, U.M. \_\_\_\_\_ FACILITY/UNIT: Unit-5 south DATE: 06/25/19
(NAME AND TITLE OF STAFF MEMBER)

I have \_\_\_ have not _X_ already submitted a "Request to Staff" or grievance on this same issue.
If yes, what date: \_\_\_\_\_ facility: \_\_\_\_\_ grievance #: \_\_\_\_\_
I affirm that I do \_\_\_ do not _x_ have a grievance pending on this issue.
I affirm that I do \_\_\_ do not _X_ have a lawsuit of any type pending that relates in any way to this issue.
If a lawsuit is pending, indicate case number and court: \_\_\_\_\_
This request \_\_\_ does _X_ does not relate to a pending misconduct report. If it does, this request may only be answered by the disciplinary coordinator assigned to the misconduct.

**SUBJECT:** State completely, but briefly, the problem on which you desire assistance. This statement must be specific as to the complaint, dates, places, personnel involved, and how you were affected. One issue or incident per "Request to Staff." Your failure to specifically state your problem may result in this being returned unanswered.

June 20, 2019, you failed my "cell inspection" because my eagle feathers were hung on my bunk. The feathers were blessed at a sweat lodge ceremony and must be hung at the foot or head of my bunk to perpetually protect me from evil — this is an undue burden on the exercise of my Native American religion.

(USE OTHER SIDE IF MORE SPACE IS NEEDED. DO NOT ATTACH ADDITIONAL PAGES.)

**ACTION REQUESTED:** State exactly how you believe your request may be handled; that is, what exactly should be done and how.

In order to practice my religion, my eagle feathers must be perpetually hung from either the head or foot of my bunk to protect me against evil.

NAME: McGirt, Jimcy \_\_\_\_\_ DOC NUMBER: 178480 UNIT & CELL NUMBER: Unit-5
(PRINT)
SIGNATURE: J. McGirt \_\_\_\_\_ WORK ASSIGNMENT: unassigned

**DO NOT WRITE BELOW THIS LINE**

DISPOSITION:
McGirt, All items must be in your locker or your property bag under your bunk, except - Radio, Television, Shoes, Picture, Fan and a book of religious significance.

STAFF MEMBER \_\_\_\_\_ DATE 7/1/19

RECEIVED JUL 02 2019 JCCC LAW LIBRARY

Date response sent to inmate/offender: 7/2/19
1. Original to file
2. Copy to inmate/offender

**Exhibit 2**

# OKLAHOMA STATE DEPARTMENT OF CORRECTIONS
## New Arrival / Adjustment Review / Earned Credit Level - Nov 2008

DOC# 178480

### Offender Information

Facility __JCCC__  
Facility Arrival Date __03/15/2006__  
LARC Arrival Date __06/26/1997__  
Name __MCGIRT, JIMCY__  
DOC Number __178480__    Gender __MALE__  
Date of Birth __10/17/1948__  
Date of Assessment __07/26/2019__  
Housing Restrictions __NO__    Identification __NO__  
Name of Emergency Contact __Mcgirt, Lucretia L__  Relationship __Daughter__  
Phone Number __(918)718-1389__  
Address __101 Crestland Drive, Apt. M, Norman, OK 73071__  
Will I/M reside at this address after re-entry? __NO__

### Sentence Information

85% __NO__    57 O.S. 1991 Sec 521 eligible __no data__

PPWP eligibility __NO__

Assessed Security __MIN__    Security Points __4__    Assigned Security __MED__    Mandatory Override?    Days Remaining __LWOP__

Misconduct History  
Parole Date __03/01/2021__    Parole Stipulations __None found__    Active Misconduct Points __0__    Date of last Misconduct __09/21/2011__

Parole Conditions __None found__

Escape History __NO ESCAPES OR ATTEMPTS__

Escape Points __0__

Facility    Security Level    From Custody    Escape Date    Apprehension Date

Escape Comment

### Current Patterns of Behavior

Performance Rating = Poor, Good, Excellent, Outstanding

Staff __EXCELLENT__    Program Participation __EXCELLENT__    Job __EXCELLENT__  
Other Offenders __EXCELLENT__    Personal Hygiene __EXCELLENT__    Living Area __EXCELLENT__

| Month/Year | Rating | Program / Job Evaluations | Assignment |
|---|---|---|---|
| 01/2018 | Good | Laundry: | Laundry |
| 12/2017 | Outstanding | Laundry: | Laundry |
| 11/2017 | Outstanding | Laundry: | Laundry |
| 10/2017 | Outstanding | Laundry: | Laundry |

### Case Plan

**Initial Plan**

| Needs | Plan of Action | Projected Enrollment | Completion | Restrictions/Comments |
|---|---|---|---|---|
| Sex Offender - High/Mo | No Plan Entered | PENDING | | Offender told to report to classes scheduled by psych services. |

**Updated Plan**

| Needs | Plan of Action | Projected Enrollment | Completion | Comments |
|---|---|---|---|---|
| Cognitive Behavior | Thinking for a Change | COMPLETED | 09/16/2004 | LARC-ASSESSED-7/2/1997, MRT(Cognitive Beh.). |
| Mental Health | No Plan Entered | PENDING | | LARC-ASSESSED-7/2/1997, Emotional Stability. Is currently MH Level Code "A". |
| VoTech | No Plan Entered | PENDING | | LARC-ASSESSED-7/2/1997. Has completed 24 hrs college this incar.. Completed Votech-Business&Admin |

OMS0188D  2017_08_07    DOC 060203A (R 11/08)    MILBCATH    07/26/2019 10:45

**Exhibit 2**

EXHIBIT B-1

COPY

# OKLAHOMA STATE DEPARTMENT OF CORRECTIONS
## New Arrival / Adjustment Review / Earned Credit Level - Nov 2008

DOC# 178480

Warden/District Supervisor or designee approval _____

Pre-Release

Financial _____

Employment

Program Referral

Residence

Comment

Earned Credit Level Eligible: LEVEL 3

Effective Date: 08/01/2019

Action: DEMOTION

Comment:

Prepared by: *Cathy Milbers* (signature)

Chairperson: (signature)   Date: JUL 26 2019

Member: (signature)   Date: JUL 26 2019

Date: JUL 26 2019

Date of Next Review: 11/23/2019

Comments: DEMOTION TO ECL 3 EFFECTIVE 8/1/19 DUE TO CELL INSPECTION FAILURES

Offender Signature: (signature) 07/30/19

Date: JUL 26 2019

OMS0188D 2017_08_07          DOC 060203A (R 11/08)

MILBCATH          07/26/2019 10:45

**Exhibit 2**

EXHIBIT C

**THE MVSKOKE NEWS** PG. 4 June 2019 ÔSTEN

# EMVPANAYV—ONE WHO TELLS THE STORY

## GRADUATION GEAR, NAMES, AWARDS AND COFFEE

**by GARY FIFE**
*RADIO SPECIALIST*

OKMULGEE, Oklahoma—It's the time of the year when students march to the strains of "Pomp and Circumstance" and receive their coveted diplomas before hundreds of admiring parents.

Some Native students had encountered resistance when they tried to include items of Native regalia, such as eagle feathers, beaded caps and moccasins, but that is changing.

Here in Oklahoma, the state Attorney General sent a letter in a dispute to the Vian Public Schools over the issue. AG Mike Hunter's letter cited several legal ramblings focusing on religious exemptions for Native students and that such rules, (under the Oklahoma Religious Freedom Act) "must be to further a compelling government interest".

But he felt those school rules did not fulfill that interest. Essentially, he wrote, "I do not view a complete ban on eagle feathers as the only means essential to meeting the school's compelling needs."

No idea on how broad this opinion goes or how many school districts might comply, but it darn sure is a step in the right direction.

The Forum News Service reports that the Minnesota state commissioner of education has urged schools in that state "to recognize American Indian students' ability to wear culturally significant regalia to their commencement ceremonies."

The Anchorage (Alaska) Daily News reported that this is the "first year that graduates in the Anchorage School District are explicitly allowed to wear regalia during graduation ceremonies." One Alaska Native family gave its graduate student a mortarboard cap made of sealskin and a matching stole to wear during the ceremonies.

Another education note: The Tulsa School District finally got around to officially renaming one of its elementary Oak, to honor the oak tree on the spot where Mvskoke people first settled in this region.

O.K., one more education thing, really.

For two decades, activists on the Pine Ridge Oglala Sioux reservation in South Dakota have battled against liquor stores located just outside of reservation boundaries. Those Nebraska stores sold millions of cans of beer to tribal residents, contributing to the plague of alcoholism in that area.

One of the leaders of that movement, Frank LaMere, a Ho-Chunk man, has been recognized for his dedication. Indian Country Today reports that LaMere received an honorary Doctor of Laws degree from Nebraska Wesleyan University.

LaMere wore two eagle feathers on his graduation cap.

The second Monday in October has been designated as Oklahoma Native American Day. Governor Kevin Stitt signed the measure late April. KFOR-TV reported that a similar bill was vetoed by former Governor Mary Fallin who said the legislation was an attempt to "diminish the long-standing support of November being proclaimed annually as Native American Heritage Month."

When celebrities display their high fashion dresses on the red carpet of the June 2019 Tony Awards, one of those dresses will be the design of a Native American.

An article on Native News Online said the ACONAV brand by designer Loren Aragon will be worn by Tony Awards Member Colleen Jennings-Roggensack.

ACONAV is a combination of Acoma Pueblo and Navajo, Aragon's there was something that was missing in me."

Taylor grew up south of Henryetta, Oklahoma in a community called Ryal. He said he had a regular childhood.

"It was a regular Indian childhood," he said.

He went to Hickory Ground number one with his family growing up but he always felt something was missing from his life.

"We would go to church a did substitute a Canadian woman for an Alaskan one and a Canadian town for an Alaskan one.)

In an episode called, "The Traveller", actor Marika Silas plays police Sergeant Yuka Mongoyak in the fictional town called "Iglaak". She has to deal with a stranger who comes to the village.

The program is available on CBS All Access.

A story on Wisconsin Public Radio reports that a popular coffee merchant is changing the name of their company over concerns that the name was an "appropriation" of American Indian culture—and they're doing it all on their own!

The company was named after the Kickapoo River Valley and the owners were not aware that Kickapoo was the name of a Native Nation. They say they had never been confronted about the name.

Owner TJ Semanchin was quoted by Wisconsin Public Radio, "'We recognized that this really is an act of appropriation and once that kind of reality sunk in, I think we realized that there's only one right decision here and that was to step away from the name."

Oklahoma Kickapoo Chairman David Pacheco was quoted by WPR: "'It was surprising in this modern day that (Kickapoo Coffee) didn't know about the Kickapoo Tribe, and not just us, but also in Kansas and Texas," said David Pacheco, chairman of the Kickapoo Tribe of Oklahoma, in a press release from Kickapoo Coffee.

Maybe the company and the tribes should sit down and share a cup of coffee and get to know each other? (I'll have a café latte with Irish Crème, please.)

O.K., time to bring it on home again.

Mvskoke poet, musician, and author, Joy Harjo has a couple of new additions to her incredible list of accomplishments.

Here's one from the Tulsa World that got missed: In December of last year, Joy Harjo is one of the 27 visual and literary artists chosen for the 2019 class of Tulsa Artist Fellows.

On top of that, she was named the 2019 winner of the Jackson Poetry Prize by Poets and Writers. Congratulations on both of these awards.

Hvtvm Ceremonies I will see you

Exhibit 2

COPY COPY COPY    EXHIBIT E    RECEIVED JUL 1 5 2019 ICCC LAW LIBRARY

Must Be Submitted Through the Law Library or Designee
Inmate/Offender Grievance Process
**REQUEST TO STAFF**

TO: Program Services
(NAME AND TITLE OF STAFF MEMBER)    FACILITY/UNIT: OKC    DATE: July 15, 2017

I have ___ have not _X_ already submitted a "Request to Staff" or grievance on this same issue. If yes, what date: ___ facility: ___ grievance #: _X_
I affirm that I do ___ do not _X_ have a grievance pending on this issue.
I affirm that I do ___ do not _X_ have a lawsuit of any type pending that relates in any way to this issue. If a lawsuit is pending, indicate case number and court: ___
This request ___ does _X_ does not relate to a pending misconduct report. If it does, this request may only be answered by the disciplinary coordinator assigned to the misconduct.

**SUBJECT:** State completely, but briefly, the problem on which you desire assistance. This statement must be specific as to the complaint, dates, places, personnel involved, and how you were affected. One issue or incident per "Request to Staff." Your failure to specifically state your problem may result in this being returned unanswered.

The ICCC Inmate personal property exemption to items which must be in a locker or property box does not include the Native American sacred items ("Religious Items") listed in OP-030112. IX. B. (2) and Attachment B, Allowable items – Inmate Religious Property – Individual Possession, pg. 2 (feathers, dreamcatchers, medicine bag).

(USE OTHER SIDE IF MORE SPACE IS NEEDED. DO NOT ATTACH ADDITIONAL PAGES.)

**ACTION REQUESTED:** State exactly how you believe your request may be handled; that is, what exactly should be done and how.

Per OP-030112. IX. B. 3. (c) a change in policy is recommended to comply with HI.O.S. §251 et seq — Oklahoma Religious Freedom Act §§ 253, 254 and add Native American sacred items ("Religious Items") to the list of exemptions – Personal Property, pg. 14 – which must be placed in locker or property box.

NAME: McGirt Jimcy (PRINT)    DOC NUMBER: 178480    UNIT & CELL NUMBER: S south
SIGNATURE: Jimcy McGirt    WORK ASSIGNMENT: unassigned

**DO NOT WRITE BELOW THIS LINE**

DISPOSITION:

STAFF MEMBER ___    DATE ___

Date response sent to inmate/offender: ___
1. Original to file
2. Copy to inmate/offender

DOC 090124D (R 4/19)

**Exhibit 2**