IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JIMCY MCGIRT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-20-157-D |
| | ) | |
| RICK WHITTEN, Warden, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Plaintiff's "Motion for Reconsideration with Affidavit" [Doc. No. 41]. Plaintiff seeks reconsideration of the Court's December 22, 2020 Order [Doc. No. 38] dismissing this case with prejudice.

Plaintiff agrees with the outcome of the Order but disagrees with the rationale. On November 23, 2020, United States Magistrate Judge Suzanne Mitchell issued a Report and Recommendation [Doc. No. 36], recommending that Plaintiff's claims against Defendants in their official capacity under the Religious Land Use and Institutionalized Persons Act ("RLUIPA") be dismissed with prejudice for lack of jurisdiction. Plaintiff was transferred out of Defendants' custody, which mooted the official capacity claims against Defendants.

Judge Mitchell noted that "Plaintiff failed to indicate if his action is against Defendants in their official and/or individual capacities, so the Court liberally construes it is in both capacities." R&R [Doc. No. 36 at 6]. Out of abundance of caution, Judge Mitchell stated that "[t]he Court should also dismiss with prejudice any other RLUIPA claim against Defendants in their individual capacities for failure to state a claim." R&R [Doc. No. 36 at

7–8]. The Court adopted this finding in its December 22, 2020 Order. *See* Order [Doc. No. 38 at 2].

Plaintiff now takes issue with the Court's ruling as to the individual capacity claims. Plaintiff asserts that the Court lacked subject-matter jurisdiction to issue a ruling because Plaintiff's transfer mooted his claims.

RLUIPA only allows for declaratory and injunctive relief against defendants in their official capacities. *Warner v. Patterson*, 534 F. App'x 785, 788 (10th Cir. 2013). Individual capacity claims are not permitted. *Id.* (citing *Sossamon v. Texas*, 563 U.S. 277, 293 (2011)); *Stewart v. Beach*, 701 F.3d 1322, 1335 (10th Cir. 2012)). It is true that the Court has no subject-matter jurisdiction if a case is moot. *Warner*, 534 F. App'x at 788. "In deciding whether a case is moot, the crucial question is whether granting a present determination of the issues offered will have some effect in the real world. When it becomes impossible for a court to grant effective relief, a live controversy ceases to exist, and the case becomes moot." *Id.* (internal quotation marks and citation omitted). Release from or transfer out of a prison system "generally moots claims for declaratory and injunctive relief for claims concerning conditions in that system." *Id.*

As to Plaintiff's individual capacity claims, however, they were not proper under RLUIPA. While Plaintiff is correct that the official capacity claims were moot once he was transferred, the transfer had no effect on the individual capacity claims. These claims could simply not survive under RLUIPA. Thus, the individual capacity claims were properly dismissed for failure to state a claim.

As such, the Court finds that the instant motion contains no new argument or authority that could support a motion for relief from judgment under Fed. R. Civ. P. 60(b). Accordingly, the motion [Doc. No. 41] is **DENIED**,[1] and the case remains closed.

**IT IS SO ORDERED** this 19th day of July, 2021.

TIMOTHY D. DeGIUSTI
Chief United States District Judge

---

[1] Plaintiff also filed a "Motion to Enlarge Time to File Notice of Intent" [Doc. No. 40]. Plaintiff seeks an enlargement of time to file his notice pending the Court's resolution of the motion for reconsideration [Doc. No. 41]. In light of the Court's ruling on the motion for reconsideration as discussed herein, the motion for an enlargement of time [Doc. No. 40] is **DENIED.**